THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PIO MICHOR, Appellant.

*William O'Dwyer* of counsel [*William J. Zucker* with him on the brief], for the appellant.

*Michael J. Driscoll, Deputy Assistant District Attorney*, of counsel [*Joab H. Banton, District Attorney*], for the respondent.

PROSKAUER, J.   Although the evidence amply justified the jury's verdict of guilty, the conduct of the assistant district attorney so exceeded the bounds of proper advocacy that we feel constrained to reverse the judgment and order a new trial.

Upon the first trial of the indictment the jury disagreed.   The defendant had there not taken the witness stand.   He took the witness stand upon this trial and was, of course, then subject to all legitimate cross-examination.   Indeed, it has been held that he might have been interrogated as to whether on a previous trial or proceeding he had refused to testify on the ground that it might tend to incriminate him.   (*Commonwealth* v. *Smith*, 163 Mass. 411.)   On this trial, however, he was interrogated at length upon the circumstance that he failed to take the stand on the first trial; that his lawyer had advised him not to take the stand; that he had had a talk with his lawyer about it, and that even after this talk his lawyer had refused to let him take the witness stand. His failure to take the stand upon the first trial was in no way an admission of guilt and was not a circumstance prejudicial to him in any way.   It was in no sense an admission such as was involved in the Massachusetts case, where the defendant asserted his constitutional privilege on the ground that his testimony would tend to incriminate him.   And yet in his summation, over the objection of the defendant, the assistant district attorney stated: " He told you that on the advice of counsel he did not take the stand, an innocent man.   He is not being tried now without taking the stand so I shouldn't comment.   It is for you to say what his counsel's advice was."   The jury was then squarely requested to draw an inference of untruthfulness and of guilt from the conduct of the defendant in refusing to take the stand on the first trial and taking it on the second.

A second incident upon this trial must be considered cumulatively in conjunction with the foregoing.   Toward the close of the trial the

assistant district attorney caused the defendant's wife to be brought into the court room, stating: " I want the jury to see her." He directed the wife to stand at the rail. The following then occurred: " Q. Is that the lady that is your wife? A. That is my wife, yes, sir. Q. And you are making thirty dollars a week? A. Yes, sir. Q. Does she work? Mrs. Michor: Yes. The Court: What is the purpose of this? Mr. Levy: I want the jury to see the wife of the man making thirty dollars a week."

Thereafter in his summation the assistant district attorney said: " Did you see the beauty that came in yesterday? Is that the wife of the man that is making thirty dollars a week sweeping floors? Did you see her in her finery? Now, put one and one together." Certainly there could be no inference of guilt against this defendant because his wife was well dressed or because her appearance would have created an unfavorable impression upon a jury.

These and similar incidents were an appeal to the prejudice and not to the reason of the jury. Although we are reluctant to disturb the judgment of conviction where competent evidence is sufficient to sustain it, we cannot approve the method of trial employed by the People in this case.

The judgment appealed from should be reversed and a new trial ordered.

Dowling, P. J., Merrell and O'Malley, JJ., concur; Martin, J., concurs in result.

Judgment reversed and a new trial ordered. Settle order on notice.